IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KODEE MALISSA TROUT, | ) | |
| | ) | CASE NO. BK18-40858 |
| Debtor(s). | ) | A18-4014 |
| MARTIE GAIL LOCH, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| KODEE MALISSA TROUT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's amended motion for summary judgment (Fil. No. 13) and objection by the defendant-debtor (Fil. No. 14). Stacy C. Bach represents the debtor, and Brian S. Judy represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

This adversary proceeding was filed to except a personal injury debt from discharge under 11 U.S.C. § 523(a)(6). In 2007, the debtor physically assaulted the plaintiff. On October 6, 2008, the District Court of Box Butte County, Nebraska, entered partial summary judgment against the debtor, finding that she had "committed the act of civil assault against the Plaintiff by striking her in the face with a shovel" and awarding the plaintiff damages of $24,313.19 representing some of the costs of her medical treatment. On April 2, 2010, that court entered total judgment in favor of the plaintiff and against the debtor in the amount of $348,865 plus interest, representing medical damages of $72,865 and general damages of $275,000.[1]

The debtor filed a Chapter 7 bankruptcy petition on May 15, 2018, and the plaintiff filed this adversary proceeding on June 12, 2018. The debtor has paid approximately $8,590 on the debt, with a balance due in excess of $435,000. The plaintiff seeks to have the debt declared non-dischargeable because it is for a willful and malicious injury by the debtor.

---

[1] The $1,000 discrepancy between the judgment entered and the sum of the amounts awarded is not explained, but may be due to a simple mathematical error.

A debt may be excepted from the discharge of debts granted under 11 U.S.C. § 727 if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To except a debt from discharge under that section, a plaintiff must establish, by a preponderance of the evidence, that the debt arises from an injury that is both willful and malicious. *Sells v. Porter (In re Porter)*, 539 F.3d 889, 893 (8th Cir. 2008). In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional. If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008). A "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause harm. *Jamrose v. D'Amato (In re D'Amato)*, 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006). The category of injury envisioned by the Supreme Court is that of an intentional tort. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)). In a practical sense,

> if the debtor was aware of the plaintiff-creditor's right under law to be free of the invasive conduct of others (conduct of the sort redressed by the law on the underlying tort) and nonetheless proceeded to act to effect the invasion with particular reference to the plaintiff, willfulness is established. If in so doing the debtor intended to bring about a loss in fact that would be detrimental to the plaintiff, whether specific sort of loss the plaintiff actually suffered or not, malice is established.

*KYMN, Inc. v. Langeslag (In re Langeslag)*, 366 B.R. 51, 59 (Bankr. D. Minn. 2007).

Here, the plaintiff relies on the Nebraska judgment to establish the non-dischargeability of the debt. A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

When determining whether collateral estoppel arises from a prior state court judgment, federal courts apply the substantive law of the forum state in whose courts the prior judgment was entered. *Osborne*, 321 B.R. at 492. In Nebraska, the doctrine of collateral estoppel, also known as issue preclusion, holds that an issue of ultimate fact that was determined by a valid and final judgment cannot be litigated again between the same parties or their privies in any future lawsuit. *Stevenson v. Wright*, 733 N.W.2d 559, 565-66 (Neb. 2007). Collateral estoppel is applicable where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a judgment on the merits which was final, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Jordan v. Jordan*, 918 N.W.2d 20, 24 (Neb. Ct. App. 2018). The party asserting preclusion bears the burden of

proving each of the elements. *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991). When making the determination that an issue was actually litigated and was necessary to the decision in the prior proceeding, the court should examine the entire record of the earlier case. *Id.*

The record before this court consists of the state court complaint, the two state court orders, a letter to the parties from the state court judge, the debtor's answers to requests for admission in this adversary proceeding, and the debtor's affidavit. It is unclear from the record whether the state court held a trial on the matter, although the court's letter refers to further evidence "heard" and the plaintiff's "uncontested testimony." The debtor notes she was unrepresented by counsel at the time and believes the court entered the order without evidence or testimony. Nevertheless, it is clear that, with or without counsel, she had the opportunity to litigate the matter, and that a judgment on the merits was entered against her.[2]

In Nebraska, assault is a "wrongful offer or attempt with force or threats, made in a menacing manner, with intent to inflict bodily injury upon another with present apparent ability to give effect to the attempt." *Crouter v. Rogers*, 227 N.W.2d 845, 847 (Neb. 1975). An intent to inflict bodily injury is an essential element of an assault, and such intent may be inferred from the words and acts of the defendant and from the facts and circumstances surrounding her conduct. *Id.* The debtor's act of intentionally hitting the plaintiff in the head with a shovel was willful, and it was certain or almost certain to cause the plaintiff harm, even if the debtor was, as she now claims, simply trying to break up a fight between her sister and the plaintiff. Swinging a shovel at another person's head is a deliberate act likely to cause physical injury. Here, it constitutes a willful and malicious injury caused by the debtor. While the Bankruptcy Code is intended to give debtors a fresh start, it is not intended to be a safe haven for intentional tortfeasors. *Hartley v. Jones (In re Hartley)*, 869 F.2d 394, 395 n.1 (8th Cir. 1989) (Bowman, J., dissenting).

Accordingly, the plaintiff's amended motion for summary judgment is granted, and the debt owed to her is not dischargeable.

IT IS ORDERED: The plaintiff's amended motion for summary judgment (Fil. No. 13) is granted. Separate judgment will be entered.

DATED: November 30, 2018.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Stacy C. Bach    *Brian S. Judy
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2] "A judgment is on the merits if the judgment is based upon legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Jordan*, 918 N.W.2d at 25.